IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DACHE BRIDGES**                                                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO.** 3:25-cv-95-HTW-LGI

**OPTUM SERVICES, INC.**                                                        **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Dache Bridges, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages of violations of her rights pursuant to the Family and Medical Leave Act (FMLA) for retaliation, Title VII of the Civil Rights Act of 1964 for pregnancy discrimination, and Title VII of the Civil Rights Act of 1964 for sex discrimination against the Defendant, Optum Services, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Dache Bridges, is a female resident of Hinds County, Mississippi.

2. Defendant, Optum Services, Inc., is a Delaware corporation licensed to do business in the state of Mississippi that may be served with process by serving its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction pursuant to the Family and Medical Leave Act (FMLA) and Title VII of the Civil Rights Act of 1964.

4. This Court also has personal and subject matter jurisdiction over the Defendant and venue is proper in this court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on November 13, 2023, a true and correct copy of is attached as Exhibit "A." The EEOC issued a Dismissal and Notice of Right to Sue on November 13, 2024, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 26-year-old female resident of Hinds County, Mississippi.

7. Plaintiff was hired on August 29, 2022, as a Claims Representative Associate at Change Healthcare.

8. On or around April 7, 2022, Change Healthcare was bought out by Optum Services, Inc. (OS).

9. Plaintiff worked remotely from her home as an employee of OS.

10. In June 2023, Plaintiff learned that she was pregnant.

11. Around mid-July 2023, Plaintiff notified Managers Sharde Lewis and Karyshma Blades that she (Plaintiff) was pregnant.

12. Plaintiff requested and received approval for intermittent FMLA, both for the caretaking of her mother who has cancer, and for the treatment of herself related to her pregnancy.

13. On September 12, 2023, Plaintiff received documentation approving her intermittent FMLA leave for the caretaking of her mother between September 6, 2023 and September 5, 2024.

14. On September 20, 2023, Plaintiff received documentation approving her intermittent FMLA leave for her treatment related to her pregnancy between September

15, 2023 and February 21, 2024.

15. On October 16, 2023, Ms. Lewis informed Plaintiff that she was being terminated, allegedly due to "job performance".

16. However, on October 18, 2023, Plaintiff received a letter from Medical Clinic Operations Director Jon Strasser.

17. In the letter, Mr. Strasser stated, "…as a result of changing business needs, your position is being eliminated. Your employment separation date is anticipated to be November 9, 2023."

18. On October 26, 2023, Plaintiff received a letter from Mr. Strasser, offering a severance agreement.

19. Plaintiff has learned that despite the allegation that her position was being eliminated, OS has been hiring more Claims Representative Associates since her departure.

20. On November 13, 2023, Plaintiff filed an EEOC Charge of sex/pregnancy discrimination against OS.

21. On January 18, 2024, in response to Plaintiff' Charge, OS submitted a Position Statement to the EEOC.

22. OS's Position Statement alleges that, "Unfortunately, one of Optum's customers serviced by Strasser's team (UT Physician Group), informed Optum that it was terminating its contract effective November 1, 2023. Because of this loss of business, Optum deemed it necessary to institute a reduction in force, eliminating 14 of the 18 Benefits Advocate positions within Strasser's team. Optum management evaluated each of the 18 Benefits Advocates based on a variety of factors, including, but not limited to,

3

performance, skill, communication, seniority, and disciplinary records, and selected 14 Benefits Advocates for downsizing. Unfortunately, Charging Party was among those selected. Regardless, the 14 Benefits Advocates that were selected were encouraged to apply for other internal roles for potential placement within the Company (In fact, seven of the 14 Benefits Advocates selected were ultimately retained by Optum to work in different roles or other contracts. Of those seven, two had previously utilized FMLA leave.)."

23. Plaintiff contends this allegation mischaracterizes the events that occurred.

24. Notably, Plaintiff was not on the UT Physician Group team; she was on another one of Strasser's teams, the Temple team.

25. So, when the UT Physician Group terminated its contract, there was no reason to assume this would interfere with Plaintiff' position.

26. OS's Position Statement alleges that, "Charging Party's Manager Sharde Lewis verbally notified Charging Party on or about October 16, 2023, of the elimination of her position. While Lewis may have explained that the evaluation scores were a factor in Optum's reduction-in-force decisions, Lewis did not inform Charging Party that she was being terminated for job performance reasons. Instead, as stated in Charging Party's termination letter, Optum eliminated her position effective November 9, 2023, "as a result of changing business needs." See Exhibit C, 10/26/23 Letter."

27. This allegation is false.

28. On October 16, 2023, Ms. Lewis verbally informed Plaintiff that the UT Physician's Group was terminating its contract.

29. Ms. Lewis indicated that Plaintiff was being separated from her position.

4

30. Since Plaintiff was on the Temple team, not the UT Physician's Group team, Plaintiff expressed confusion as to why the terminated contract affected her.

31. Ms. Lewis then claimed that there were many factors that impacted the choice of who was being laid off and she indicated that Plaintiff' had been selected due to her job performance.

32. Plaintiff disputed this as well and noted that she had more tenure than others on her team and she was the highest-ranking collector on her team.

33. Ms. Lewis then stated that Plaintiff should contact Talent Acquisition and that she (Plaintiff) can apply for any other available positions.

34. In a follow-up conversation around October 23, 2023, Ms. Lewis mentioned that Benefits Advocate positions were being eliminated from the Temple team but paradoxically she also stated that new Benefit Advocates were being hired for the Temple team.

35. Plaintiff attempted to get more clarification, but Ms. Lewis did not explain this discrepancy.

36. As instructed, Plaintiff followed up with Talent Acquisition and expressed interest in any and all possible positions to which she could transfer but she was denied for all of them.

37. OS's Position Statement alleges that, "While Charging Party claims she notified Optum of her pregnancy and requested FMLA leave, these actions had no relation to the elimination of her position. To the contrary, Optum approved Charging Party for intermittent FMLA leave and provided her all FMLA benefits to which she was entitled. In fact, of the four employees not selected for reduction, all four were female and

one had utilized FMLA leave, highlighting the non-discriminatory nature of Optum's reduction in force. Further, while Charging Party alleges that Optum hired other Benefits Advocates since the elimination of her position, this is irrelevant. The reduction in force concerned the Benefits Advocate positions only for Strasser's team, not Optum as a whole, and Optum's subsequent hiring of other Benefits Advocates across the company does not negate its need to conduct a reduction of Strasser's team following the loss of the UT Physician Group contract. And as stated above, Optum explicitly encouraged Charging Party to apply for other available positions, including any Benefits Advocate positions that become available. See Ex. C at 2."

38. Plaintiff contends this allegation is false.

39. As Ms. Lewis and OS's Position Statement both allege, the reduction in force was due to the termination of the UT Physician's Group contract, but Plaintiff was not the UT Physician's Group team.

40. She was on the Temple team.

41. Moreover, Ms. Lewis stated that there were new Benefits Advocates being hired onto the Temple team and although Plaintiff sought transfer to a new position through Talent Acquisition, she was denied.

42. Given her history of strong job performance, Plaintiff contends she was terminated due to her pregnancy and in retaliation against her for using FMLA leave.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FMLA - RETALIATION

43. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 42 above as if fully incorporated herein.

6

44. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

45. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

46. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

47. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT II: VIOLATION OF TITLE VII - PREGNANCY DISCRIMINATION

48. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 47 above as if fully incorporated herein.

49. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sex, female, and pregnancy. Plaintiff is a member of a protected class, female, and she was pregnant.

50. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

51. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT III: VIOLATION OF TITLE VII - SEX DISCRIMINATION

52. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1

through 51 above as if fully incorporated herein.

53. Defendant discriminated against Plaintiff because of her sex, female, based on the facts identified above which constitutes violation of Title VII of the Civil Rights Act of 1964.

54. Defendant was motivated to discriminate against Plaintiff because she is female.

54. Plaintiff has suffered lost wages, benefits because of her termination and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

56. The unlawful actions of Defendants complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff giving rise to to both compensatory and punitive damages under Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Liquidated damages;
6. Attorney's fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 7th day of February 2025.

Respectfully submitted,

DACHE BRIDGES, PLAINTIFF

By: /s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com